# In the United States Court of Federal Claims

| | |
|---|---|
| DEONN DASHUND MCCLAIN,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 24-cv-1818<br><br>Filed: November 19, 2024 |

### ORDER

Plaintiff Deonn Dashund McClain, proceeding *pro se*, seeks a name change for herself and for her daughter along with the issuance of new social security numbers and Michigan Electronic Benefit Transfer (EBT) benefits in their new names. Affidavit of Identity, Testimony of Works and Prayer for Relief (ECF No. 8-2) (Affidavit or Aff.) at p. 16–17. While the Court recognizes the hardships alleged in Plaintiff's Affidavit, it must nevertheless dismiss Plaintiff's claims for lack of jurisdiction. *See* Rule 12(h)(3), Rules of the United States Court of Federal Claims (Rule(s)). As reflected below, the Court's dismissal here does not address the merits of Plaintiff's claims. Rather, this decision reflects that the Court of Federal Claims does not have the authority to hear Plaintiff's claims or grant her the relief she seeks. Put simply, Plaintiff has filed in the wrong court.

### DISCUSSION

On November 5, 2024, Plaintiff filed her Complaint and an "Application to Proceed *In Forma Pauperis*." Complaint (ECF No. 1) (Compl.); Application to Proceed *In Forma Pauperis* (ECF No. 2). Just two days later, Plaintiff filed a Motion to Amend her Complaint, which the

Court granted on November 13, 2024. *See* Motion to Submit Amended Complaint (ECF No. 6); Order, dated Nov. 13, 2024 (ECF No. 7); Amended Complaint (ECF. No. 8) (Am. Compl.). Plaintiff attached a Petition and Affidavit to her Amended Complaint. *See generally* Aff.; American Petition for a Redress of Government (ECF No. 8-3) (Petition or Pet.). On November 14, 2024, Plaintiff also filed a "Motion of Indication of Assent to Confidentiality." ECF No. 9 (Motion to Seal). The Court construed that filing as a Motion to Seal and subsequently denied the Motion on November 19, 2024. Order, dated Nov. 19, 2024 (ECF No. 10).

Plaintiff makes clear that she "no longer desire[s] to bear the Name or do business in the name of Deonn Dashund McClain/Deonn McClain." Aff. ¶ 29 (emphasis omitted). She seeks to change her name back to her previous name, Sherdea Montrese McClain-Black. *See id.* ¶¶ 1–2, p. 16. She appears to want this name change in part because Plaintiff does not want to be associated with the actions of her aunt with a similar name, Dionne McClain-Smith, and in part because of alleged, potential confusion by the Michigan food assistance program (and potentially by other public assistance benefit programs) that began when Plaintiff lived with her aunt. *Id.* ¶¶ 29, 32, 37, 50, p. 17. Plaintiff explains that their "identities may have merged" while they lived together, *id.* ¶ 32(h), and requests that this Court ensure she "receive all benefits . . . that [were] withheld due to any confusion of the names," *id.* at p. 17.

Plaintiff seemingly alleges two misdeeds by the state of Michigan. First, she contends that Michigan (and possibly the United States) took her "Natal Information" when it sent the information to the Social Security Administration after her birth. *Id.* ¶ 1(c)–(d); Am. Compl. at 2. Second, she alleges that the "INGHAM COUNTY[, Michigan] DHS[1] has usurped and embezzled

---

[1] The Court understands the Ingham County DHS to be the Ingham County, Michigan office of the Michigan Department of Health and Human Services (MDHHS). *See* MICH. DEP'T OF HEALTH & HUM. SERVS., https://www.michigan.gov/mdhhs, last visited Nov. 19, 2024; *Ingham MDHHS*,

2

all but $536 in Food Assistance of the federal financial assistance intended" for her and her daughter. Aff. ¶ 1(g). Plaintiff asserts jurisdiction under 28 U.S.C. § 1491, 28 U.S.C. § 1494, and by virtue of being a United States Citizen under the Fourteenth Amendment. Am. Compl. at 1.

Construing Plaintiff's claims liberally, the Court understands Plaintiff to seek the following relief from the Court:

(1) to have her name "restored as Sherdea Montrese McClain-Black," Aff. at p. 16;

(2) to have the social security account in Sherdea Montrese Black's name "removed" and "to have a new social security account number bestowed upon [Plaintiff's] being," *id.* at p. 17;

(3) "[t]o have a new MICHIGAN EBT BRIDGE CARD" issued in the name of "Sherdea Montrese McClain Black . . . loaded with FULL ACCESS AND USE, WITHOUT RESTRICTIONS," *id.*;

(4) "[t]o receive all the benefits that w[ere] entitled to Deonn McClain that w[ere] withheld due to any confusion of the names," *id.*;

(5) to change her daughter's name and issue new social security number and social security and EBT cards in the corrected name, *id.*;

(6) "to issue a writ of mandamus upon the State Metropolitan County City Governments[,] agencies and departments to release the federal financial assistance intended for the American US Citizens . . . who have had their federal benefits usurped, embezzled and misappropriated," Pet. at 7; *see also* Aff. ¶ 1(g);

(7) to order in person ADR and provide expenses for travel, food, lodging, and proper attire for ADR, Am. Compl. at 3;

(8) to provide "temporary relief of $10,000 in cash benefits electronically transferred from" Plaintiff's social security account to her Michigan EBT Bridge Card, *id.*; and

(9) to fly Plaintiff's sister to Detroit from Nashville to attend a funeral, *id.*

It is well-established that this Court is not a forum for all "federal claims"; rather it is one of limited jurisdiction. *See Marcum LLP v. United States*, 753 F.3d 1380, 1382 (Fed. Cir. 2014) ("The Court of Federal Claims is a court of limited jurisdiction."). Generally, the Tucker Act

---

MICH. DEP'T OF HEALTH & HUM. SERVS., https://www.michigan.gov/mdhhs/inside-mdhhs/county-offices/urban-counties/ingham-mdhhs, last visited Nov. 19, 2024.

defines this Court's jurisdiction. *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)). The Tucker Act vests this Court with jurisdiction over any suit against the United States for money damages "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act does not create any enforceable right against the United States on its own nor does it grant jurisdiction for "every claim invoking the Constitution, a federal statute, or a regulation." *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1987). To invoke jurisdiction under the Tucker Act, a plaintiff must "identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (first citing *Mitchell*, 463 U.S. at 216; and then citing *Testan*, 424 U.S. at 398); *see* 28 U.S.C. § 1491(a)(1).

This Court liberally construes complaints filed by *pro se* plaintiffs. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). Although held to a less stringent standard for procedural deficiencies, *pro se* plaintiffs must still prove by a preponderance of the evidence that this Court has subject matter jurisdiction. *See Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023); *Knighten v. United States*, No. 2024-1563, 2024 WL 4457474, at *1 (Fed. Cir. Oct. 10, 2024); *see also Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015) ("No plaintiff, *pro se* or otherwise, may be excused from the burden of meeting the court's jurisdictional requirements."). "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted*

*Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)).

This Court is required to dismiss claims outside its jurisdiction. Rule 12(h)(3); *Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012) (citing Rule 12(h)(3)) ("If the Court of Federal Claims determines that it lacks subject matter jurisdiction, it must dismiss the claim."). "[T]he court must address jurisdictional issues, even *sua sponte*, whenever those issues come to the court's attention, whether raised by a party or not." *St. Bernard Par. Gov't v. United States*, 916 F.3d 987, 992–93 (Fed. Cir. 2019); *see also D'Agostino v. United States*, No. 2024-1319, 2024 WL 4758571 (Fed. Cir. Nov. 13, 2024) (affirming *sua sponte* dismissal of claims for lack of jurisdiction); *Buholtz v. United States*, No. 2024-1009, 2024 WL 4647890 (Fed. Cir. Nov. 1, 2024) (same); *Khuc v. United States*, No. 2024-1362, 2024 WL 3171650 (Fed. Cir. June 26, 2024) (same). Accordingly, the Court must dismiss Plaintiffs' complaint for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) for two reasons. *See* Rule 12(h)(3); *Kissi*, 493 F. App'x at 58. First, Plaintiff fails to identify a money-mandating source of law and, second, this Court lacks jurisdiction over claims against state actors.

*First*, nothing in Plaintiff's Amended Complaint, Affidavit, or Petition comes close to "identify[ing] a separate source of substantive law that creates the right to money damages." *Fisher*, 402 F.3d at 1172; 28 U.S.C. § 1491(a)(1); *see generally* Am. Compl.; Aff.; Pet. While Plaintiff references the Fourteenth Amendment to invoke jurisdiction and vaguely alleges a due process violation, Am. Compl. at 1, 2, it is well settled that the Fourteenth Amendment's Due Process and Equal Protection Clauses do not mandate the payment of money and thus cannot be used to invoke this Court's jurisdiction under the Tucker Act, *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citing *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995)).

5

Nor does Plaintiff's passing use of the word "taking" invoke this Court's jurisdiction. *See Barksdale v. United States*, 582 F. App'x 890, 892 (Fed. Cir. 2014); Am. Compl. at 2 (alleging that "the United States took [her] private property, [her] natal information . . . ."). This is particularly true where, as here, the alleged action that led to the taking was claimed to be done by a state or its agencies.[2] Aff. ¶ 1(d) (explaining that Plaintiff's "Natal Information was sent to the SSA of the USA by the STATE OF MICHIGAN, INGHAM COUNTY DHS, MDHHS . . . ."). This Court lacks jurisdiction because it cannot hear claims against a state, such as the alleged taking claim against Michigan here. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941);

---

[2] The Court understands "Natal Information" to reference the information provided to the Social Security Agency to apply for a Social Security number for a newborn baby. Plaintiff's Complaint contends her "Natal Information" was taken when it sent such information to the Social Security Administration. Am. Compl. at 2; Aff. ¶ 1(d). To the extent Plaintiff argues that the United States, and not Michigan, took this personal information and therefore she is entitled to compensation under the Fifth Amendment, that argument is frivolous. *See Troxelle v. United States*, No. 10-312, 2010 WL 3982349, at *5 n.9 (Fed. Cl. Oct. 6, 2010) (finding plaintiff's claims that his birth certificate and registration with the Social Security Administration constitute a taking of the use of his name by the United States were frivolous and lacked any basis in law or in fact); *cf. Gravatt v. United States*, 100 Fed. Cl. 279, 286 (2011) (rejecting contract claims founded on the issuance of a birth certificate or social security number as frivolous and therefore outside the Court's jurisdiction). Courts may dismiss a case for lack of subject matter jurisdiction if the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Moden v. United States*, 404 F.3d 1335, 1341 (Fed. Cir. 2005) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)). That is the case here.

Further, Plaintiff's claims related to Social Security numbers and public accounts are reminiscent of the sovereign citizen theory, which has been found to be frivolous and invalid by this Court. *See Robinson v. United States*, No. 24-166, 2024 WL 4524743, at *5–7 (Fed. Cl. Sept. 17, 2024); *compare id.* at *6 n.11 (internal citations and quotations omitted) (noting that "sovereign citizen[s] belie[ve] that all Citizens were 'pledged' as collateral for the national debt, thereby creating a fictional 'public' person in whose name the alleged trust is held"), *with* Am. Compl. at 2 ("The United States has converted my private, personal property which is my natal information and my social security account number, into a public entity and public account."), *and* Aff. at p. 19 ("Just because the people don't understand Trust and that the United States of America's Federal Government gave us social security account numbers to be able to withdraw money from the treasury for our living lives and personal businesses, doesn't mean the trustees of the United States of America should take advantage of the simple.").

*Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1308 (Fed. Cir. 2007).  Accordingly, Plaintiff fails to invoke this Court's jurisdiction under the Tucker Act.[3]

*Second*, this Court lacks jurisdiction over Plaintiff's claims because it lacks jurisdiction to hear claims against private parties, state actors, or federal officials.  *Sherwood*, 312 U.S. at 588 ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials.").  Plaintiff's claims are all directed at state officials, and, as such, "are obviously beyond this court's jurisdiction."[4]  *Vlahakis v. United States*, 215 Ct. Cl. 1018, 1018 (1978); *see Radogna v. United States*, 159 Fed. Cl. 447, 449 (2022), *aff'd*,

---

[3] Plaintiff also cites 28 U.S.C. § 1494 to invoke this Court's jurisdiction.  Am. Compl. at 2.  Section 1494, however, grants this Court "jurisdiction to determine the amount, if any, due to or from the United States by reason of any unsettled account of any officer or agent of, or contractor with, the United States," provided that three other statutory requirements are met.  28 U.S.C. § 1494; *Braun v. United States*, 144 Fed. Cl. 560, 571–72 (2019).  This Court lacks jurisdiction under Section 1494 where a plaintiff "fails to allege sufficient facts to establish jurisdiction."  *Striplin v. United States*, 100 Fed. Cl. 493, 498 (2011); *see also Watson v. United States*, 240 F. App'x 410, 412–13 (Fed. Cir. 2007) (affirming dismissal of claim brought under Section 1494 for lack of jurisdiction where the Court "found that [plaintiff] [was] not an officer, agent of, or contractor with the United States").  Plaintiff here is not an "officer or agent of, or contractor with" the United States, and therefore this Court lacks jurisdiction.  *Watson*, 240 F. App'x at 412–13; 28 U.S.C. § 1494; *see generally* Am. Compl.; Aff.

[4] Plaintiff also requests this Court issue a writ of mandamus to "State Metropolitan County City Governments[,] agencies and departments."  Pet. at 7.  This Court may not issue a writ of mandamus because Congress vested mandamus authority solely with the district courts.  28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus."); *see also Del Rio v. United States*, 87 Fed. Cl. 536, 540 (Fed. Cl. 2009) ("The Court of Federal Claims lacks jurisdiction to hear mandamus petitions, and . . . may not issue a writ of mandamus.").  Plaintiff not only seeks a writ of mandamus against this local government but seeks a writ of mandamus to stop alleged criminal activity by the Ingham County DHS, who she alleges "has usurped and embezzled" some of the "Food Assistance" intended for her and her daughter.  Pet. at 7; Aff. ¶ 1(g).  Beyond lacking jurisdiction to hear mandamus petitions, this Court lacks "jurisdiction over criminal matters generally," so it cannot hear these claims to the extent they relate to the criminal matters.  *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011).

No. 2022-1811, 2022 WL 4955322 (Fed. Cir. Oct. 4, 2022) (citing *Lawton v. United States*, 621 F. App'x 671 (Fed. Cir. 2015)) ("The Court lacks jurisdiction to . . . direct actions by state agencies or officials."). Accordingly, this Court may not order the issuance of a new Michigan EBT Bridge Card, let alone dictate that the card is "loaded with FULL ACCESS AND USE, WITHOUT RESTRICTIONS," nor may it order the State to issue "all benefits that w[ere] entitled to Deonn McClain that w[ere] withheld due to any confusion of names." Aff. at p. 17; Am. Compl. at 3; *Kurt v. United States*, 103 Fed. Cl. 384, 388 (2012) ("[T]his court has no authority to direct a local or state agency to pay money to plaintiff."). Similarly, this Court lacks jurisdiction to legally change Plaintiff's or her daughter's name. *See* 28 U.S.C. § 1491. In Michigan, Plaintiff's and her daughter's domicile, "[t]he family division of the circuit court for a county may enter an order to change the name of an individual . . . ." MICH. COMP. LAWS § 711.1 (2020). For this Court to enter Plaintiff's requested relief—name changes or adding funds to a state EBT card[5]—it would need to "direct actions by state agencies or officials" to implement the requested change, which this Court lacks authority to do. *Radogna*, 159 Fed. Cl. at 449 (citing *Lawton*, 621 F. App'x 671). Indeed, "[c]laims founded on state law are also outside the scope of the limited jurisdiction of the Court of Federal Claims." *Souders*, 497 F.3d at 1308.

---

[5] Plaintiff cites no money mandating statute or authority that entitles her to the $10,000 from the Social Security Administration. *See generally* Am. Compl.; Aff. As noted, this is fatal to her claim under the Tucker Act. 28 U.S.C. § 1491. *See Fisher*, 402 F.3d at 1173 ("[T]he absence of a money-mandating source being fatal to the court's jurisdiction under the Tucker Act."). To the extent that Plaintiff alleges that the Social Security Administration owes her money or benefits, this Court still lacks jurisdiction. Am. Compl. at 3 (seeking transfer of $10,000 from Plaintiff's Social Security account to her Michigan EBT Bridge Card). Any action challenging the denial of social security benefits must be brought in federal district court after a final decision by the Commissioner of Social Security. 42 U.S.C. § 405; *Brown v. United States*, 607 F. App'x 983, 985 (Fed. Cir. 2015); *see also Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990) (affirming dismissal of an action in Claims Court seeking review of denial of social security benefits for lack of jurisdiction). Accordingly, this Court lacks jurisdiction over Plaintiff's claim to the extent she is challenging a denial of benefits by the Social Security Administration.

## **CONCLUSION**

Accordingly, as this Court lacks jurisdiction over all of Plaintiff's claims, Plaintiff's Amended Complaint (ECF. No. 8) is **DISMISSED** for lack of subject matter jurisdiction pursuant to Rule 12(h)(3). Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is **GRANTED** for good cause shown as Plaintiff submitted documentation satisfying the statute's requirements. *See* 28 U.S.C. § 1915. The Clerk of Court is **DIRECTED** to enter Judgment accordingly.

IT IS SO ORDERED.



*Eleni M. Roumel*
ELENI M. ROUMEL
Judge

9